IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 09-3255 |
| | ) | |
| STEPHANIE SCHULER and SHARI SCOTT, | ) | |
| | ) | |
| Defendants. | ) | |

OPINION

The Court now considers Plaintiff United States of America's Renewed Motion to Disapprove Sale, Forfeit Purchaser's Down Payment and Order Second Judicial Sale of Foreclosed Property (the "Motion"). See d/e 26. For the reasons stated below, the Motion is ALLOWED.

FACTS

Defendant Stephanie Schuler ("Schuler") was the mortgage holder for a property commonly known as 110 South Main, Payson, Illinois 62360. Defendant Shari Scott ("Scott") resided in the property as Schuler's tenant. The United States Department of Agriculture was the mortgagee for the property. Schuler defaulted on the mortgage and Plaintiff obtained a

1

default order on January 12, 2010.  See d/e 10.

On January 20, 2011, Plaintiff moved for judgment on the pleadings. See d/e 11.  The Court allowed Plaintiff's motion on February 11, 2010. See Judgment of Foreclosure and Judgment on the Pleadings as to Defendant Shari Scott (the "February 11 Judgment") (d/e 15).  The February 11 Judgment ordered the foreclosed property to be sold, with the highest bidder forfeiting the 10% down payment made at time of sale if the bidder did not pay the entire bid amount within 30 days after sale.  Id. at 10-11.  A successful bidder's failure to pay the 90% balance of the bid price within 30 days of the sale date would cause the sale to be voided, the 10% down payment to be forfeited and the property to be resold.  Id. at 10-11.

On June 8, 2010, the foreclosed property was sold to Schuler's tenant Scott as Scott was the highest bidder.  See d/e 21.  Scott bid $64,801 for the property.  See Plaintiff's Memorandum Supporting the United States' Renewed Motion to Disapprove Sale, Forfeit Purchaser's Downpayment and Order Second Judicial Sale of Property ("Plaintiff's Memorandum") d/e 27 at 5 (citations omitted).  Scott paid the required 10% of the bid price (i.e. $6,481) at the time of the sale.  Id.  However, Scott never completed the sale by tendering the unpaid 90% balance of her bid amount.  Id. at 6.

2

Plaintiff now moves the Court for relief.  See d/e 26.  Plaintiff asks the Court to order that Scott's 10% downpayment be forfeited and to terminate the sale to Scott due to her failure to pay the full bid amount.  Id. at 2.  Plaintiff also asks the Court to order the United States Marshals Service to conduct a new sale and to apply the forfeited 10% payment towards expenses related to the terminated sale.  Id.  If those expenses are satisfied, the Plaintiff asks the Court to apply any remaining part of Scott's 10% bid payment towards satisfaction of the amount of the judgment of foreclosure.  Id.  Plaintiff has submitted Plaintiff's Memorandum, arguing that the sought after relief is a permissible because the  Court has inherent power to enforce the terms of its own February 10 Judgment.  See d/e 27 at 9.  Neither Defendant has responded to Plaintiff's requested relief.

## JURISDICTION & VENUE

This Court has subject matter jurisdiction because the case involves a civil action brought by Plaintiff United States of America.  See 28 U.S.C. § 1345.  Moreover, personal jurisdiction and venue requirements are satisfied because the relevant events (i.e. the sale to Defendants and their subsequent failure to pay in full) occurred within this judicial district.  See 28 U.S.C. §1391(a)(2) (venue statute); see also World-Wide Volkswagen

Corp. v. Woodson, 444 U.S. 286, 297 (1980) (personal jurisdiction exists where a defendant "'purposefully avail[ed] itself of the privilege of conducting activities'" in the forum state)(quoting Hanson v. Denckla, 357 U.S. 235, 253 (1958)).

ANALYSIS

District courts have "the authority and the duty to protect and effectuate [their] prior judgments." See United States v. State of Wash., 459 F. Supp. 1020 (W.D. Wash. 1978), order aff'd 645 F.2d 749 (9th Cir. 1981) (additional citations omitted), citing Cooper v. Aaron, 358 U.S. 1, 78 S.Ct. 1401, 3 L.Ed.2d 5 (1958); Brown v. Board of Education, 349 U.S. 294, 75 S.Ct. 753, 99 L.Ed. 1083 (1955); Bullock v. United States, 265 F.2d 683 (6th Cir.), cert. denied, 360 U.S. 909, 79 S.Ct. 1294, 3 L.Ed.2d 1260 (1959). In particular, a district court has inherent jurisdictional power to render a decision on a motion when the motion involves alleged non-compliance with the court's prior order. See Fassler v. Pendelton, 110 Fed.Appx. 749, 751 (9th Cir. 2004) (citations omitted).

This Court's February 11 Judgment stated that the property:

> . . . shall be sold to the highest bidder who shall pay ten percent (10%) of the bid purchase price at the time and place of sale . . . The balance of the bid purchase price shall be paid . . . within

4

> thirty (30) days of date of said sale . . . If the balance is not received within said time period, the ten percent (10%) payment made at time of sale shall be forfeited to the United States, the sale shall be void and a new sale shall be scheduled by the Court.

Id. at 10-11.

When the property was auctioned on June 8, 2010, Scott was the highest bidder. She timely paid the 10% of the bid purchase price. However, Scott failed to pay the 90% balance of the bid purchase price within 30 days of the date of sale. Scott's failure to timely pay the balance of the bid price means she has not complied with the February 11 Judgment. Accordingly, the sale to Scott is void and she forfeits the 10% bid purchase price she paid. Id.; see also United States v. Branch Coal Co., 390 F.2d 3, 10 (3rd Cir. 1968) (finding a district court "acted within its authorized discretion when it declared that the successful bidder would forfeit his deposit if he should fail to complete the sale. The court's decree is controlling upon the parties, and their rights and obligations are fixed thereby.").

## CONCLUSION

THEREFORE, Plaintiff United States of America's Renewed Motion to Disapprove Sale, Forfeit Purchaser's Down Payment and Order Second

Judicial Sale of Foreclosed Property (d/e 26) is ALLOWED. Defendant Shari Scott's $6,481.00 down payment is forfeited and the June 8, 2010, sale of 110 South Main, Payson, Illinois 62360 to her is VOID because she failed to pay the full bid amount. The United States Marshals Service is ORDERED to conduct a new sale of the property and to apply the forfeited $6,481.00 down payment towards expenses related to the voided sale. Following payment of those expenses, any remaining balance of the forfeited bid payment shall be applied towards the amount of the judgment of foreclosure.

      ENTERED this __22nd__ day of February, 2011

            s/ Michael P. McCuskey
           MICHAEL P. McCUSKEY
          CHIEF U.S. DISTRICT JUDGE