E-FILED
Friday, 26 August, 2011 02:04:57 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 09-3255 |
| | ) |
| STEPHANIE R. SCHULER and | ) |
| SHARI SCOTT, | ) |
| | ) |
| Defendants. | ) |

OPINION CONFIRMING SALE AND
ASSIGNMENT OF MARSHAL'S CERTIFICATE OF PURCHASE

The U.S. Marshal has been appointed by the Court to sell property at issue in this case. The U.S. Marshal reports that the property has been sold in accordance with terms previously set forth by the Court. The Court, having reviewed the relevant materials, finds as follows:

1. A notice required in accordance with 735 ILCS 15-1507(c)(2)(B) and 28 U.S.C. § 2002 was given;

2. The terms of sale were fair and not unconscionable;

3. The sale was conducted fairly and without fraud;

4. Justice was done by the sale;

5.  The United States of America, on behalf of Rural Housing, United States Department of Agriculture, was the successful bidder at the public judicial sale of the property.

6.  The United States of America, Rural Housing, United States Department of Agriculture assigned to Donald L. Benjamin and Janet A. Benjamin, P.O. Box 293, Payson, Illinois 62360, all the right, title and interest that the United States obtained via the Certificate of Purchase. Pursuant to this assignment Donald L. Benjamin and Janet A. Benjamin are entitled to receive, as grantees, the deed to the foreclosed premises stemming from this foreclosure proceeding.

7.  All redemption and reinstatement periods have expired without redemption or reinstatement having been made; and

8.  This Court obtained personal jurisdiction over the defendants.

IT IS THEREFORE ORDERED:

A.  The U.S. Marshal's report of the sale is approved and the sale is confirmed;

B.  The United States' Assignment of Certificate of Purchase is approved.

C.  A deficiency judgment is hereby entered in favor of Plaintiff, UNITED STATES OF AMERICA, ACTING THROUGH RURAL DEVELOPMENT, and against Defendant, Stephanie R. Schuler, in personam, in the amount of $38,459.78. Execution may issue in accordance with the law.

D.  The U.S. Marshal is directed to issue a deed to Donald L.

        Benjamin and Janet A. Benjamin, sufficient to convey title pursuant to 735 ILCS l5-l509(a).

E.      The holder of the Certificate of Purchase or deed issued pursuant to the Certificate of Purchase shall be entitled to possession of the real estate at issue on the 31st day after entry of this Opinion.

F.      The Mortgagor (Homeowner) has the right to possess the foreclosed premises for 30 days after entry of an Order of Possession in accordance with Section 15-1701(c) of the Illinois Mortgage Foreclosure Law.

    (1)    In the event possession is withheld on the 31st day after entry of this Opinion, the defendant mortgagor and all persons claiming through the defendant mortgagor shall have removed themselves and their belongings and property from this real estate and shall peaceably surrender possession of said property to the purchaser of this property or the assignee of said purchaser.

    (2)    If any persons referenced in the above subparagraph remain on said premises on or after the 31st day following the approval of the judicial sale of this mortgaged real estate, the United States Marshal, without further court order, is directed and ordered as soon as practicable thereafter to use any and all necessary reasonable force to enter the above described mortgaged premises, including any outbuildings and vehicles on the property, and to remove all occupants who are present on the premises and who refuse to vacate immediately and voluntarily at the United States Marshal's direction; in addition any and all personal property left on the mortgaged premises by the

defendant mortgagor and/or any and all other persons having left said property, is hereby declared forfeited to the United States. If the United States Marshal determines the above-described personal property to be without value or of de minimis value that would neither exceed nor equal the costs of notice, storage, and sale, the United States Marshal may leave the personal property, at his discretion, on the premises for the purchaser of this real estate to claim, or dispose of, at will.

Upon taking possession and custody of the premises and removing all occupants who are unauthorized to remain on the premise, the United States Marshal is then directed to remit possession and custody of the premises to the holder of the Certificate of Purchase or deed issued pursuant to the Certificate of Purchase.

G. There is no just reason to delay enforcement of or appeal from this final order.

ENTER: August 26, 2011.

s/ Sue E. Myerscough
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE